# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40026
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANA LILIA MUNIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-1043-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ana Lilia Muniz appeals the 18-month sentence she received following her guilty-plea conviction for transporting illegal aliens, in violation of 8 U.S.C. § 1324. She argues that (i) the district court erred by enhancing her sentence pursuant to U.S.S.G. § 2L1.1(b)(6) based on a finding that she intentionally or recklessly created a substantial risk of death or serious bodily injury to the aliens by transporting them in the trunk of the vehicle she was driving; (ii) the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40026

district court erred when it—in overruling her objection to the § 2L1.1(b)(6) enhancement—noted that driving slowly would not necessarily prevent an accident and could cause an accident;  and (iii) the district court erred in applying a two-level enhancement pursuant to U.S.S.G. § 3B1.4 based on a finding that she used her two minor children to assist in avoiding detection of the offense.

*The District Court's Application of the § 2L1.1(b)(6) Enhancement*

We review a district court's interpretation of the Guidelines de novo and review the district court's fact findings relative to the § 2L1.1(b)(6) enhancement for clear error.  *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011).  The transportation of aliens in the trunk of a vehicle is specifically listed in the comments to § 2L1.1(b)(6) as the type of conduct contemplated by the Sentencing Commission in drafting the guideline provision.  § 2L1.1, comment. (n.3); *see United States v. Mateo-Garza*, 541 F.3d 290, 294 (5th Cir. 2008) (stating that transporting persons in a trunk or engine compartment of a vehicle per se creates a substantial risk of serious injury or death because those areas are not designed to hold human passengers). Accordingly, the district court did not err by enhancing Muniz's sentence based on its finding that she transported aliens in the trunk of the vehicle she was driving.

*The District Court's Comment Regarding Slow Driving*

In the district court, Muniz objected to the application of the § 2L1.1(b)(6) enhancement on the grounds that, *inter alia*, she was driving slow, which created a safe condition.  In overruling her objection to the § 2L1.1(b)(6) enhancement, the district court noted that driving slow on a highway does not necessarily prevent an accident, and, in fact, can cause an accident.  Muniz did not object to the district court's comment at the time, but argues on appeal that

nothing in her presentence report discusses whether slow driving can cause an accident, and, accordingly, she did not have sufficient notice and an opportunity to address the issue at sentencing. Because Muniz failed to raise an objection below, we review the issue for plain error. *See United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003). To show plain error, Muniz must show a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Because the comments to § 2L1.1(b)(6) specifically provide that transporting unlawful aliens in the trunk of a vehicle creates a risk of injury for the purposes of § 2L1.1(b)(6), Muniz cannot show how any purported error in the district court's reasons for denying her objection to the § 2L1.1(b)(6) enhancement affected her substantial rights. *See Puckett*, 556 U.S. at 135; *see also Mateo-Garza*, 541 F.3d at 294; § 2L1.1, comment. (n.3).

*The District Court's Application of the § 3B1.4 Enhancement*

A § 3B1.4 enhancement applies "when a defendant 'makes a decision to bring a minor along during the commission of a previously planned crime as a diversionary tactic or in an effort to reduce suspicion . . . .'" *United States v. Powell*, 732 F.3d 361, 380 (5th Cir. 2013) (quoting *United States v. Mata*, 624 F.3d 170, 175 (5th Cir. 2010)). "To trigger the enhancement, a defendant must take *some affirmative action* to involve the minor in the offense because the mere presence of a minor at the scene of the crime is insufficient." *Powell*, 732 F.3d at 380 (internal quotation marks and citation omitted). "When a defendant's crime is previously planned—when, for example, she leaves the house knowing she is on her way to smuggle drugs . . . the act of bringing the child along instead of leaving the child behind is an affirmative act" involving the minor. *Mata*, 624 F.3d at 176.

No. 16-40026

In this case, circumstantial evidence beyond mere presence supports a finding that Muniz used her two minor children to avoid detection of the offense. *See id.* This was not a spur-of-the-moment crime. *See id.* at 177 & n.33. Rather, Muniz knew she would be transporting aliens before she committed the crime. To the extent that it was necessary for Muniz to ensure adult supervision of her minor children—which is far from clear given their ages of 13 and nine and the fact that no evidence was presented establishing as much—she chose not to do so. Because Muniz left her house knowing that she was going to commit the subject offense, "the act of bringing the [children] along instead of leaving [them] behind is an affirmative act that involves the minor in the offense." *Id.* at 176. Furthermore, Muniz's presentence report states that, after her arrest, Muniz's "minor daughters were released to their maternal aunt and uncle," suggesting that Muniz did have options for child care. Given the foregoing, the district court did not err in applying the § 3B1.4 enhancement.

Accordingly, the judgment of the district court is AFFIRMED.